UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

      v.                                      Cr. No. 01-120ML

RAUL VILLALONA
a/k/a FELIX ROSADO

## ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Raul Villalona has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. For the reasons stated below, the motion is DENIED.

On December 10, 2002, Villalona was sentenced by this Court after he pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base, and distribution of cocaine base. Based on the amount of drugs involved, 21.7 grams, Villalona's base offense level was calculated as 28 and his criminal history category was determined to be category IV. However, Villalona already had two prior felony convictions for controlled substance offenses on his record, which raised his base offense level to 34 and his criminal history to category VI pursuant to U.S.S.G. § 4B1.1. After an adjustment for acceptance of responsibility, Villalona's net offense level of 31 and his criminal history of category VI resulted in a sentencing guideline range of 188 to 235 months. The sentencing Court imposed a sentence of 188 months imprisonment and five years of supervised release.

On November 1, 2007, the U.S. Sentencing Commission amended the sentencing guidelines to reduce the sentencing disparity between offenses involving cocaine powder and cocaine base (Amendment 706). Subsequently, Amendment 706 was given retroactive

affect as of March 3, 2008. While the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to cocaine base drug quantities, it did not reduce the sentencing range for career offenders under U.S.S.G. § 4 B1.1. A defendant who is sentenced by reference to the career offender guideline is not eligible for reduction under 19 U.S.C. § 3582(c)(2). See e.g. United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008)(district court lacks authority to modify a defendant's sentence under 18 U.S.C. § 3582(c)(2) whose guideline range has not been lowered by Amendment 706).

From a review of the petitioner's record, it is clear that the Court calculated his sentence under the career offender guideline, U.S.S.G. § 4B1.1, and not under U.S.S.G. § 2D1.1. Had the amended guidelines been in effect at the time he was sentenced, Villalona's net offense level still would have been 31. Consequently, because Villalona's sentencing range remains unchanged by Amendment 706, Villalona is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c).

For the foregoing reasons, Villalona's motion for sentence reduction is DENIED.

By Order

_____
Deputy Clerk

ENTER:

_____
Mary M. Lisi
Chief United States District Judge
Date: April 2, 2009